STATE OF NORTH CAROLINA
v.
DAVID YARBOROUGH, Defendant.
No. COA09-651.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.
Daniel J. Clifton for defendant-appellant.
GEER, Judge.
Defendant pled guilty on 1 May 2008 to one count of incest. In exchange for defendant's guilty plea to this offense, the State agreed not to proceed on the original charge of second degree rape. The trial court accepted the plea and imposed a sentence of 16 to 20 months imprisonment. The court suspended the sentence and placed defendant on supervised probation for a period of 36 months.
On 9 May 2008, the trial court entered an order modifying defendant's sentence to allow warrantless searches, to require that defendant not use illegal drugs, and to require that defendant undergo a drug and alcohol assessment. On 18 September 2008, the trial court entered an additional order requiring defendant to enroll in satellite-based monitoring ("SBM") for the entire period of his probation. On 2 October 2008, the trial court denied defendant's motion through his mother to allow weekend overnight visits with the victim and to remove the global positioning system.
On 10 October 2008, defendant's probation officer filed a violation report alleging that defendant had violated a special condition of probation by failing to comply with the SBM guidelines and regulations. The report stated that defendant had failed to wear the SBM bracelet on 11 occasions and had failed to carry the miniature tracking device on one occasion. In an order entered 13 November 2008, the trial court ordered that defendant serve 20 days of his sentence for the probation violations.
On 23 December 2008, defendant's probation officer filed a second violation report alleging that defendant had violated several conditions of his probation by (1) failing to report for scheduled visits with his probation officer, (2) failing to pay his court-ordered fine in full, (3) failing to attend mandatory sex offender counseling sessions, (4) failing to comply with the curfew times, (5) failing to remain gainfully employed, and (6) failing to properly maintain the SBM device.
At the hearing on the violation report on 5 January 2009, defendant stated through counsel that he had been unable to find employment because his car broke down. He offered no excuse or reason for his failure to comply with the SBM rules and regulations. Counsel stated that defendant "readily recognizes that he should just serve his time, get this behind him and he's prepared to do that." In an order entered 8 January 2009, the court found that defendant willfully and without lawful excuse violated a term or condition of probation, revoked probation, and activated the sentence of 16 to 20 months imprisonment. Defendant filed written notice of appeal on 13 January 2009.
Defendant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985). In the appellant's brief filed on defendant's behalf, counsel states that after reviewing the record on appeal, he "has been unable to find any good faith argument to make on appeal." Counsel makes no argument in the brief and lists no assignments of error. He asks this Court to review the record for possible error.
Counsel also writes that he "will send a copy of [the] brief to [defendant]," he "will provide [defendant] with the address of this Court and advise him that he can make arguments to this Court," and he will "send [defendant] a copy of the Record on Appeal so that he will have all of the documents he needs to make an argument." Counsel did not, however, attach to his brief or otherwise transmit to this Court a copy of any advisory letter he wrote to defendant. On 17 September 2009, this Court ex mero motu ordered counsel to provide documentation within 15 days that he had complied with the notification requirements of Anders and Kinch.
On 6 October 2009, counsel filed a copy of a letter he wrote to defendant, dated 30 September 2009, in which he advised defendant of his right to file his own written arguments. Counsel attached the appellant's brief and the record on appeal. Counsel also attached a separate letter he wrote to appellee's counsel advising the assistant attorney general of his action. Counsel thus belatedly complied with the notification requirements of Anders and Kinch.
Defendant has not filed his own arguments. In accordance with Anders, we have fully examined the record and transcript to determine whether any issues of arguable merit exist or whether the appeal is wholly frivolous. We conclude that the appeal is wholly frivolous.
No error.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).