An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1418
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.                                          Stokes County
                                            Nos. 12 CRS 51512-24, 51668;
                                                     13 CRS 185
CHRISTOPHER LEE NEAL


Appeal by Defendant from Judgment entered 21 May 2013 by Judge Anderson D. Cromer in Stokes County Superior Court. Heard in the Court of Appeals 23 June 2014.

>    *Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.*

>    *Guy J. Loranger for Defendant.*


STEPHENS, Judge.


Defendant Christopher Lee Neal appeals from judgment dated 21 May 2013 and entered upon his plea of guilty to: (1) six counts each of (a) conspiracy to break or enter a building with the intent to commit a felony or larceny therein, (b) breaking or entering, (c) larceny after breaking or entering, and (d) felony possession of stolen goods, as well as (2) one count each

of (a) felony cruelty to animals, (b) possession of a firearm by a felon, and (c) attaining the status of habitual felon. The trial court arrested judgment on Defendant's convictions for felony possession of stolen goods and consolidated his remaining convictions into one judgment for sentencing purposes. The court also determined that Defendant had a prior record level VI, based on 18 prior record level points, and sentenced Defendant as an habitual felon to a term in the mitigated range of 87 to 117 months imprisonment. Defendant gave notice of appeal in open court.

Counsel appointed to represent Defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for appellate relief and asks that this Court conduct its own review of the record for possible prejudicial error. Nonetheless, counsel offers the following possible issues to be considered on appeal: (1) whether the indictments were sufficient to confer jurisdiction on the trial court; (2) whether the trial court properly (a) informed Defendant of (i) his right to remain silent, (ii) his right to plead not guilty, (iii) that he was waiving his right to trial by jury on the issue of his habitual felon status and right to confrontation, and (iv) the maximum possible sentence on the

charges, as well as (b) determined that Defendant (i) understood the nature of the charges against him and (ii) was satisfied with his legal representation; (3) whether (a) the trial court properly inquired about the existence of prior plea discussions or arrangements with respect to Defendant's admission of his habitual felon status or (b) improper pressure was exerted on Defendant during that process; (4) whether the trial court adequately determined that there was a factual basis for Defendant's guilty plea and admission of habitual felon status; (5) whether Defendant's sentence was supported by evidence introduced during the 7 March and 21 May 2012 hearings; (6) whether Defendant's sentence either resulted in an incorrect finding of his prior record level, contained an unauthorized sentence disposition, or contained a term of imprisonment that was for a duration not authorized by statute; and (7) whether Defendant was deprived of his constitutional right to effective assistance of counsel. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written

arguments with this Court and providing him with the documents necessary for him to do so.

Defendant has not filed any written arguments on his own behalf with this Court and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear to exist. In doing so, we carefully considered the seven potential issues described above and conclude that they are without merit. In addition, we have been unable to find any possible prejudicial error. Therefore, we conclude that this appeal is wholly frivolous.

NO ERROR.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).