An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-83
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

    v.                                    Davidson County
                                          No. 13 CRS 728
HEATHER WINGATE MARTINEZ


Appeal by Defendant from Judgment entered 4 June 2013 by Judge Mark E. Klass in Davidson County Superior Court. Heard in the Court of Appeals 23 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell, for the State.*

> *Mary McCullers Reece for Defendant.*


STEPHENS, Judge.


*Background*

On 1 February 2012, Defendant pled guilty to misdemeanor larceny in Guilford County Superior Court. The trial court sentenced Defendant to 120 days imprisonment, but suspended the sentence and placed Defendant on supervised probation for 18 months. The judgment also provided that Defendant's probation could be transferred to Davidson County.

On 12 March 2013, Defendant's probation officer filed a violation report alleging four violations, including an allegation that Defendant violated the condition that she "[c]ommit no criminal offense in any jurisdiction." The trial court conducted a probation violation hearing on 4 June 2013. Defendant admitted the violations, and the trial court revoked Defendant's probation "for the willful violation of the condition[] that []she not commit any criminal offense . . . ." The trial court also modified Defendant's original sentence to 90 days and activated that sentence, giving Defendant credit for 2 days served. On 12 June 2013, Defendant filed a handwritten notice of appeal without the assistance of counsel.

*Discussion*

As a preliminary matter, we note that Defendant's *pro se* notice of appeal violates Rule 4 of the North Carolina Rules of Appellate Procedure. In pertinent part, Rule 4 provides that any party entitled to appeal must do so by either (1) "giving oral notice of appeal at trial" or (2) "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment . . . ." N.C.R. App. P. 4(a). In addition, Rule 4 requires that a party designate "the court to which appeal is taken" in its

notice of appeal. N.C.R. App. P. 4(b). Defendant's notice of appeal indicates that it was timely filed on 12 June 2013, but there is no evidence such notice was served on the State. In addition, Defendant's notice of appeal fails to designate the court to which appeal is taken.

Nonetheless, this Court has held that a party's failure to include evidence of service with a notice of appeal is waived when the opposing party participates without objection, as the State has done here. *State v. Ragland*, __ N.C. App. __, __, 739 S.E.2d 616, 620, *disc. review denied*, __ N.C. __, 747 S.E.2d 548 (2013). Furthermore, "an appellant's failure to designate this Court in its notice of appeal is not fatal to the appeal where the appellant's intent to appeal can be fairly inferred and the appellee[ is] not [misled] by the appellant's mistake." *Id.* (citation, internal quotation marks, and certain brackets omitted). Plaintiff's statement in the handwritten notice that she "would like to appeal [her] sentence of 90 days" is sufficient to fairly infer her intent to appeal, and the State's participation indicates that it was not misled. Accordingly, "[D]efendant's failure to serve the notice of appeal and [her] mistake in failing to name this Court in [her] notice of appeal do not warrant dismissal." *See id.*

On appeal, counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of her right to file written arguments with this Court and providing her with the documents necessary for her to do so.

Defendant has not filed any written arguments on her own behalf and a reasonable time within which she could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear to exist. We have been unable to find any possible prejudicial error and, therefore, conclude that this appeal is wholly frivolous.

NO ERROR.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).