An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA14-294

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

v.

Beaufort County
No. 11 CRS 52674

ROBERT CHRISTOPHER FIGGS

On writ of certiorari to review judgments entered 26 February 2013 by Judge Wayland J. Sermons, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 30 June 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*

*Craig M. Cooley for defendant-appellant.*

BRYANT, Judge.

Where a review of the record pursuant to *Anders* reveals no prejudicial error in defendant's appeal, we find no error in the judgment of the trial court.

Defendant Robert Christopher Figgs seeks review of judgments entered 26 February 2013 upon guilty verdicts to

statutory rape and taking indecent liberties with a child. The trial court sentenced defendant to consecutive terms of 317 to 390 and 21 to 26 months imprisonment for his respective convictions. On 12 December 2013, this Court issued a writ of certiorari to review defendant's judgments.

_____

Counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

Defendant has not filed any written arguments on his own behalf with this Court and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find

any possible prejudicial error and conclude that the appeal is wholly frivolous.

No error.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).