An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-430
NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

    v.

COUREY LAMAR HARRIS

Guilford County
No. 12 CRS 98056

Appeal by defendant from judgment entered 12 September 2013 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General David P. Brenskelle, for the State.*
>
> *Leslie C. Rawls, for defendant-appellant.*

CALABRIA, Judge.

Courey Lamar Harris ("defendant") appeals a judgment entered upon a jury verdict finding him guilty of assault with a deadly weapon inflicting serious injury ("AWDWISI"). We find no error.

On 16 December 2012, defendant and Curtonio Marshall ("Marshall") fought in Marshall's yard. The fight became physical, and Marshall eventually realized that defendant

possessed a pocketknife. Marshall grabbed defendant in a "bear hug" and pulled him to the ground, where they struggled over the knife. Marshall's neighbor saw the men on the ground and called law enforcement. The fight ended and defendant left the scene before law enforcement arrived. Marshall was transported to the hospital and treated for wounds he sustained to his hand, neck, and back. The wound on his hand required surgical treatment.

Defendant was subsequently arrested and charged with assault with a deadly weapon with intent to kill inflicting serious injury. At trial, defendant testified that he carried a knife at all times for his work as an electrician. Defendant also testified that Marshall picked him up and slammed him down, pinning him to the ground, and that he stabbed Marshall with his work knife in self-defense.

The jury returned a verdict finding defendant guilty of the lesser included offense of AWDWISI. The trial court ordered restitution of $30,980.91 for Marshall's medical expenses, and sentenced defendant to a minimum of 33 months to a maximum of 52 months in the custody of the Division of Adult Correction. Defendant appeals.

The appellate counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to

support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time for him to do so has passed. In accordance with *Anders*, we have fully examined the record and find no error or issues of arguable merit. Accordingly, we conclude the appeal is frivolous, and find no error.

No error.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).