DIETZ, Judge.
Defendant Richard Hugh Grissett murdered an elderly woman while attempting to steal money to buy crack cocaine. After his arrest, Grissett incriminated himself through statements spontaneously made to law enforcement officers. He later provided a full, video-taped confession. A jury convicted him of first-degree murder, possession of a firearm by a felon, common law robbery, and first degree burglary. The trial court sentenced Grissett to life in prison without parole. Grissett timely appealed.
Grissett's appointed counsel filed an Andersbrief stating that counsel has been unable to identify any non-frivolous arguments for relief on appeal. As a result, this Court conducted its own review of the record for any prejudicial errors. After an independent review of the record, we find no error.
Facts and Procedural History
On 12 November 2012, Defendant Richard Hugh Grissett went over to his friend Bobby Bozeman's house to purchase and smoke crack cocaine. After making three purchases over the course of several hours, Grissett left in his car. He quickly returned, however, after seeing that his engine was "running hot." Grissett enlisted Mr. Bozeman's help to fix the car.
While the two men were adding water to the reservoir, Mr. Bozeman received a phone call from his aunt, 86-year-old Linnie Ward. Grissett asked Mr. Bozeman if Ms. Ward lived "in that old house on the Gwyn Farm," and Mr. Bozeman confirmed that she did. Grissett then left in his car, turning right on Etheridge Road in the direction of Gwyn Farm Road.
The next day, Ms. Ward's son found his elderly mother face down on her bedroom floor, dead. Police discovered ammunition scattered around the room and noted that Ms. Ward's .22-caliber Ruger rifle, engraved with her initials, was missing. Many drawers in the home had been opened and were not shut properly, and numerous purses were open and tossed throughout the home. Under the victim's body, police found a broken gold crucifix necklace. An autopsy later revealed that Ms. Ward died by manual strangulation and blunt trauma.
During their investigation, police discovered that Grissett recently had purchased and regularly wore a gold crucifix necklace matching the description of the one found at the crime scene. After gathering more evidence linking Grissett to the crime, police asked the defendant to come in for an interview on 19 November 2012. Grissett initially admitted that he owned the necklace found at the crime scene, but he denied that he was involved with Ms. Ward's murder, instead claiming that Mr. Bozeman killed her.
That evening, police arrested Grissett on a warrant for murder. While a detective was entering Grissett's information into the AFIS system, Grissett began to cry, put his arms around the detective, and stated, "I hit her when she was on the ground, after she grabbed me." The officer did not say anything in response to this statement. Grissett spent the night in jail.
The next morning, Grissett said that he would like to speak with officers about what happened. Before officers asked any questions, Grissett freely admitted that he killed Ms. Ward during an attempted robbery, explaining that "[his] mind just went blank." Police then read Grissett his Mirandarights, which Grissett waived. During his full taped confession, Grissett admitted to officers that he disposed of the victim's .22 caliber Ruger rifle in a pond. Later, while recording equipment was still turned on, Grissett borrowed a detective's phone to call his mother and confess to her that he had killed Ms. Ward.
At trial, Grissett moved to suppress his pretrial statements. The trial court denied this motion, and a jury found Grissett guilty of first degree murder, possession of a firearm by a felon, common law robbery, and first degree burglary. Grissett timely appealed.
Analysis
Counsel directs this Court's attention to possible issues on appeal, but acknowledges the issues are not sufficient to merit a meaningful argument for relief. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California,386 U.S. 738 (1967), and State v. Kinch,314 N.C. 99, 331 S.E.2d 665 (1985), by advising Grissett of his right to file written arguments with this Court and providing him with the documents necessary for him to do so. Grissett has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.
In accordance with Anders,we have fully examined the record to determine whether any issues of arguable merit exist. We have been unable to find any prejudicial error.
NO ERROR.
Judges BRYANT and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 10 April 2014 by Judge Wayland J. Sermons, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 27 April 2015.