STROUD, Judge.
On or about 5 June 2014, a jury found Wedjunald Gemeille ("defendant") guilty of first-degree murder. The trial court sentenced defendant to life imprisonment without parole. Defendant appeals.
Counsel appointed to represent defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Appellate counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California,386 U.S. 738, 18 L.Ed.2d 493 (1967), and State v. Kinch,314 N . C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and by providing defendant with the documents necessary for him to do so. Counsel directs this Court to potential issues on appeal but acknowledges that he is unable to find any reversible error by the trial court.
On 14 May 2015, defendant filed pro sewritten arguments with this Court, claiming that he received ineffective assistance from trial counsel. To establish a claim of ineffective assistance of counsel, defendant must show that: (1) counsel's performance was deficient because counsel made serious errors, which effectively deprived the defendant of his Sixth Amendment right to counsel, and (2) counsel's deficient performance prejudiced defendant by depriving defendant of a fair trial. State v. Braswell,312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985).
Defendant submits that trial counsel's performance was deficient because counsel failed to object to certain testimony during trial and inadvertently waived her right to both open and close final arguments to the jury by failing to object in a timely manner.
Our review of defendant's filing reveals that defendant's claim lacks merit. Assuming arguendothat counsel's performance was deficient, defendant has failed to show how counsel's performance prejudiced him or that a different outcome was likely to have occurred had counsel acted differently. Additionally, the overwhelming evidence of defendant's guilt, which included testimony of defendant's confession, further diminishes the likelihood of any prejudice resulting from trial counsel's conduct.
In accordance with Anders,we have fully examined the record to determine whether it contains any issues of arguable merit or whether the appeal is wholly frivolous. See Anders,386 U.S. 738, 18 L.Ed.2d 493. We conclude that the appeal is wholly frivolous. Moreover, we have examined the record for possible prejudicial error and have found none.
NO ERROR.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 5 June 2014 by Judge G. Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 20 July 2015.