An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-298

Filed: 15 September 2015

Rowan County, Nos. 11 CRS 1759, 51181

STATE OF NORTH CAROLINA

v.

RODNEY MARQUICE COVINGTON

Appeal by defendant from judgment entered 5 March 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 10 August 2015.

> *Roy Cooper, Attorney General, by Christina S. Hayes, Assistant Attorney General, for the State.*
>
> *Michael E. Casterline for defendant-appellant.*

DAVIS, Judge.

Rodney Marquice Covington ("Defendant") appeals from his convictions for felony possession of a Schedule II controlled substance, assault on a female, and attaining the status of an habitual felon. After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

The State presented evidence at trial tending to establish the following facts: On 21 February 2011 at 1:34 a.m., Officers David Horne ("Officer Horne") and Justin Royce ("Officer Royce") with the Kannapolis Police Department responded to a domestic disturbance call at the Center Motel in Rowan County. Officer Horne knocked on the door of Room 20, and Defendant answered. Shortly thereafter, a woman, later identified as Shaneira Robinson ("Robinson"), ran out of the bathroom "screaming that [Defendant] had been beating her." Robinson had visible swelling and scratches on her face. Officer Horne arrested Defendant and placed him in the back of his patrol car.

Officer Royce, upon searching Defendant's motel room, observed a white powdery substance on a nightstand and cigarillo wrappers in a trashcan near the door. Officer Royce also observed a similar white powdery substance on Defendant's shorts.

While Officer Horne was securing Defendant in the patrol car, Officer Royce questioned Robinson as to whether she or Defendant were in possession of any drugs. Robinson told Officer Royce that "[Defendant] likes to hide stuff in his bellybutton if you would like to check there." Officer Horne subsequently performed a search of Defendant's navel, finding a plastic baggie containing a white substance later identified as cocaine. Officer Horne described the baggie as being "less than the size of [a] thumbnail."

On 2 May 2011, Defendant was indicted for felony possession of a Schedule II controlled substance, assault on a female, and having attained the status of an habitual felon. A jury trial was held in Rowan County Superior Court on 5 March 2013 before the Honorable W. Erwin Spainhour.

At trial, Robinson testified on Defendant's behalf. Her testimony was that she had placed the baggie in Defendant's navel while he slept, and without his knowledge, as part of a plan to "get him in trouble." Robinson claimed that she was seeking revenge because Defendant had "led [her] on" and assaulted her.

At the close of the State's evidence, Defendant's trial counsel made a motion to dismiss based on the insufficiency of the evidence. This motion was renewed at the close of all the evidence, and Defendant's trial counsel further argued that the charges should not be given to the jury based on Robinson's in-court admission. The trial court denied Defendant's motions.

On 5 March 2013, the jury found Defendant guilty of felony possession of a Schedule II controlled substance and assault on a female. Defendant subsequently pled guilty to having attained the status of an habitual felon. The trial court consolidated these offenses and sentenced Defendant to 72-96 months imprisonment. Defendant's notice of appeal was defective, and on 22 May 2014, Defendant filed a petition for writ of certiorari with this Court. We granted Defendant's petition on 2 June 2014.

## Analysis

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and by providing him with the documents necessary for him to do so.

Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges STROUD and INMAN concur.

Report per Rule 30(e).