INMAN, Judge.
Defendant Jonathan Jejuan Davis ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty of robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon. After review of the record and applicable law, we affirm.
Factual and Procedural Background
At trial, the evidence tended to show the following:
On 7 June 2016, Justin Noble was at home asleep on his couch when Defendant and an unidentified accomplice kicked in the door. Mr. Noble attempted to run to his bedroom to retrieve a pistol, but was caught by the accomplice and placed in a headlock. Defendant took Mr. Noble's pistol, placed it against Mr. Noble's head, and demanded to know the location of a second handgun.[1] Defendant struck Mr. Noble in the side of his head with the pistol. Defendant then discovered a shotgun in Mr. Noble's closet, grabbed it, and struck Mr. Noble in the face with the butt of the shotgun. Fearing for his life, Mr. Noble told Defendant where to find the second handgun. Defendant grabbed the hidden handgun and he and his accomplice then fled, taking a cellphone, Mr. Noble's wallet and car keys, a PlayStation 4 videogame system, a jar containing loose coins, and a safe that contained cash, papers and other personal items.
When Defendant and his accomplice fled in their vehicle, Mr. Noble identified the license plate number and called the police. Some time later, police officers located the vehicle and found the items that were stolen, which were either near or in the mobile home where the vehicle was located, including: various papers depicting Defendant's and Mr. Noble's names, envelopes with cash, a damaged phone, Mr. Noble's bank cards, and a safe.
Defendant was indicted on 6 September 2016 for robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and second-degree kidnapping. The kidnapping charge was eventually dismissed and Defendant was found guilty in a jury trial on 1 November 2017 for robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon.
The trial court found Defendant was a Record Level II offender, based on 5 prior record level points, and entered separate judgments for each conviction, and sentenced Defendant to consecutive terms of 73 to 100 and 23 to 40 months imprisonment for his respective convictions. The second judgment was suspended and the trial court ordered that, at the expiration of Defendant's first sentence, he was to be placed on supervised probation for 30 months. Defendant filed timely written notice of appeal from the judgments entered.
Analysis
Defendant's appellate counsel states she is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also identified arguments she considered making on appeal, but rejected as without merit. We agree with counsel that the possible arguments listed in her brief would not have afforded Defendant any relief on appeal.
Counsel shows to the satisfaction of this Court that she has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing Defendant with the documents necessary to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time for him to have done so has expired.
In accordance with Anders and Kinch , we have fully examined the record and are unable to find any possible prejudicial error. Accordingly, we find no prejudicial error in Defendant's trial or the judgments entered upon his convictions.
NO ERROR.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.

Defendant had dropped the second handgun during a drug deal with Mr. Noble a few days earlier. Mr. Noble had retrieved the dropped handgun and hidden it in a hole in the wall behind his hot water heater.