INMAN, Judge.
Defendant James Nicolas Dotson ("Defendant") appeals from a judgment revoking his probation and activating his sentence. After reviewing the record and applicable law, we affirm.
Factual and Procedural Background
On 2 November 2015, Defendant entered guilty pleas to conspiracy to possess with intent to sell or deliver a Schedule II controlled substance and to possession with intent to sell or deliver cocaine. The trial court consolidated Defendant's convictions into a single judgment and sentenced him to a term of 13 to 25 months imprisonment. The court suspended the sentence, placed Defendant on supervised probation for 36 months, and ordered that Defendant serve 16 days in jail at the discretion of his probation officer.
Following probation violations, Defendant's probation was modified by orders entered 14 June 2016 and 6 March 2017. On 21 June 2017, Defendant's probation officer filed a report alleging Defendant violated the terms and conditions of his probation by: (1) failing to pay court-ordered fees and costs; (2) possessing a firearm; (3) possessing heroin and drug paraphernalia; and (4) committing new criminal offenses of possession of a controlled substance on jail premises, possession of drug paraphernalia, and possession of a firearm by a felon. The probation officer filed addendums to the violation report on 10 and 14 August 2017, but dismissed them at the hearing.
The trial court held a hearing on the probation violation report on 12 September 2017. Defendant's probation officer testified that, on 14 June 2017, he conducted a warrantless search of Defendant's residence and discovered various items of drug paraphernalia, a rifle, and ammunition. The rifle was found in a room with a lock on the door, and the key to the lock was found hanging on the wall of Defendant's bedroom. Defendant's live-in girlfriend informed the probation officer that she had purchased the rifle because she knew Defendant "could not buy a gun himself due to his convictions." Defendant was subsequently arrested for possession of a firearm by a felon and transported to the Haywood County Detention Center, where officers found a small bag on Defendant's person containing several small plastic baggies that in turn contained a powder-like substance. Defendant admitted the substance was heroin, and later chemical analysis confirmed that the baggies contained heroin and heroin mixed with fentanyl.
Based on the State's evidence, the trial court found that Defendant willfully violated the terms and conditions of his probation as set forth in the violation report. The court entered judgment revoking Defendant's probation on the basis that he had committed new criminal offenses and activated his sentence of 13 to 25 months' imprisonment. Defendant filed timely written notice of appeal on 25 September 2017.
Analysis
On appeal, counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief, and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. Counsel has also set forth several arguments he considered making on appeal but rejected as without merit.
Defendant has not filed any written arguments on his own behalf, and a reasonable time within which he could have done so has passed. In accordance with Anders and Kinch , we have fully examined the record to determine whether any issues of arguable merit appear to exist. We agree with Defendant's counsel that the potential arguments identified in his brief are without merit, and we are unable to find any possible prejudicial error in the hearing or judgment entered. Accordingly, we affirm the trial court's judgment revoking Defendant's probation and activating his suspended sentence.
AFFIRMED.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.