STROUD, Judge.
Defendant appeals from a judgment entered upon a jury verdict finding him guilty of assault on a detention facility employee inflicting serious injury and his subsequent guilty plea to attaining the status of a habitual felon. The evidence at trial established defendant and other inmates assaulted Sergeant Gary McKinney, an employee of the Marion Correction Institution, after he confiscated and disposed of contraband food items he found in the common area of a cell block. Sergeant McKinney suffered two broken teeth, a herniated disc, and had to undergo rotator cuff surgery. Sergeant McKinney was out of work for 15 months due to his injuries. The trial court sentenced defendant as a habitual felon to a term in the mitigated range of 72 to 99 months of imprisonment and ordered the sentence to begin at the expiration of all sentences that defendant was then obligated to serve. Defendant filed timely written notice of appeal on 2 November 2017.
We first address whether this Court has jurisdiction over defendant's appeal. Concerned that defendant's written notice of appeal violated Rule 4 of our Rules of Appellate Procedure because it did not did not specifically designate the judgment from which the appeal was taken or the court to which the appeal was taken, defendant's appellate counsel filed a petition for writ of certiorari with this Court on 9 October 2018. There was only one judgment entered in this case, and defendant's notice of appeal identifies the judgment both by the superior court file number and the name of the entering judge. Although better practice would be to include the date of the judgment in the notice of appeal, we hold defendant's notice of appeal sufficiently designates the judgment from which he appeals. Additionally, defendant's failure to state the court to which his appeal was taken does not warrant dismissal of his appeal because his "intent to appeal is plain, and since this Court is the only court with jurisdiction to hear defendant's appeal, it can be fairly inferred defendant intended to appeal to this Court." State v. Ragland , 226 N.C. App. 547, 553, 739 S.E.2d 616, 620 (2013). Accordingly, we hold defendant's written notice of appeal is sufficient to vest jurisdiction with this Court, and we dismiss defendant's petition for writ of certiorari as moot.
Defendant's appellate counsel avers he has been unable to identify any issue with sufficient merit to support a meaningful argument for relief, and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. Counsel has also set forth several arguments he considered making on appeal but rejected as without merit. Defendant has not filed any written arguments on his own behalf, and a reasonable time within which he could have done so has passed.
In accordance with Anders and Kinch , we have fully examined the record to determine whether any issues of arguable merit appear to exist. We agree with defendant's appellate counsel that the potential arguments identified in the brief are without merit, and we have been unable to find any possible prejudicial error at trial or in the judgment entered.
NO ERROR.
Report per Rule 30(e).
Judge ZACHARY concurs.
Judge BERGER concurs in the result only.