STATE OF NORTH CAROLINA v. DONALD MELVIN KINCH

No. 434A84

(Filed 3 July 1985)

1. **Constitutional Law § 40— counsel on appeal—compliance with Anders v. California**

   Defendant's counsel fully complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967), where he stated in the brief that he found no merit in the assignments of error and requested the Supreme Court to review the record for any prejudicial error; he filed a brief referring to the three assignments of error that might arguably support the appeal; he furnished defendant with a copy of his brief as well as copies of the record, transcript, and the State's brief; defendant filed a *pro se* brief of twenty pages; and defendant's counsel appeared before the Supreme Court for oral argument of the appeal and made himself available for questions by the Court.

2. **Rape and Allied Offenses § 5— first-degree rape—sufficiency of evidence**

   Assignments of error challenging the sufficiency of the evidence to sustain a charge of first-degree rape were wholly frivolous where the evidence, viewed in the light most favorable to the State, plainly showed that defendant had vaginal intercourse with the victim by force and against her will by threatening her with a loaded shotgun.

3. **Rape and Allied Offenses § 6.1— instruction on second-degree rape not required**

   Defendant's contention that the trial court erred in failing to submit second-degree rape to the jury was wholly frivolous where all the evidence showed either first-degree rape or no rape at all.

4. **Rape and Allied Offenses § 4.2— presence of semen—evidence of source not required**

   Laboratory proof of the source of semen was not a prerequisite to the admission of testimony that a medical examination disclosed the presence of semen in an alleged rape victim's vagina.

5. **Criminal Law § 34.6; Rape and Allied Offenses § 4.1— knowledge of murder by defendant—competency to show victim's state of mind**

   Defendant's contention that the trial judge erred in failing to instruct the jury when he sustained an objection to testimony by an alleged rape victim

that she knew that defendant had killed a girl before was frivolous since (1) the testimony was competent to show the victim's state of mind when defendant threatened her with a shotgun which she knew to be loaded, and (2) defendant himself testified that he had been convicted of manslaughter and received a twenty-year sentence.

**6. Arrest and Bail § 3.7— legality of arrest—failure to give Miranda warnings**

Defendant's contention that he was not read his rights when he was arrested is wholly frivolous since it is not necessary to read a defendant his *Miranda* rights in order to make a lawful arrest, and defendant was advised by the arresting officers that he was being arrested on a charge of rape in compliance with G.S. 15A-401(c)(2)(c).

**7. Criminal Law § 177— frivolous appeal—dismissal**

Defendant's appeal from a conviction of first-degree rape was wholly frivolous and subject to dismissal.

Justice VAUGHN did not participate in the consideration or decision of this case.

APPEAL by defendant from judgment entered by *Martin (John C.), J.,* at the 9 April 1984 session of Superior Court, HARNETT County. Heard in the Supreme Court 10 June 1985.

*Lacy H. Thornburg, Attorney General, by Marilyn Rich Mudge, Assistant Attorney General, for the state.*

*R. Allen Lytch for defendant.*

MARTIN, Justice.

Defendant was convicted of rape in the first degree pursuant to N.C.G.S. 14-27.2(a)(2)(a). From the judgment of life imprisonment, he appealed to this Court. The record on appeal and transcript were duly filed. On 16 April 1985, defendant's counsel filed a brief on behalf of defendant.

In the record on appeal defendant's counsel made three assignments of error: denial of defendant's (1) motion to dismiss for insufficiency of the evidence, N.C.G.S. 15A-1227(a)(2); (2) motion to dismiss, N.C.G.S. 15A-1227(a)(3); and (3) motion for appropriate relief after verdict, N.C.G.S. 15A-1411. These three assignments of error are referred to in the brief filed by defendant's counsel.

Defendant's counsel does not argue any of the assignments of error in his brief. In the brief we find:

The attorney for the defendant respectfully asks that the Court review the record on appeal for possible prejudicial error since the defendant has been convicted of first degree rape and sentenced to life imprisonment. *State v. Poplin*, 304 N.C. 185, 282 S.E. 2d 420 (1981); *State v. McLean*, 282 N.C. 147, 191 S.E. 2d 598 (1972).

## CONCLUSION

The attorney for the defendant abandons the three assignments of error. After careful review, he finds the assignments of error to be without merit, however, due to the seriousness of the offense, the defendant respectfully asks the Court to review the record for any prejudicial error. ·

On 23 May 1985 defendant's counsel wrote the following letter to defendant:

Mr. Donald M. Kinch
1300 Western Blvd.
Raleigh, North Carolina 27606

　　　Re: Appeal of State vs. Donald M. Kinch
　　　　　No. 434A84 (1985)

Dear Donald:

As I advised you in my letter of April 15, 1985, I filed a brief on your behalf with the Supreme Court of North Carolina requesting that they review the record and determine whether any prejudicial error occurred at your trial. In earlier correspondence I told you that I was preparing the record on appeal and that in my professional opinion, there was no error.

In accordance with the decision in *Anders v. California*, 386 U.S. 738 (1967), a United States Supreme Court case, I must also advise you that *you* may file *written* arguments directly with the Supreme Court of North Carolina yourself within the time period the court will continue to have the case under review.

To assist you in preparation of any arguments you might wish to submit, enclosed are copies of the court reporter's transcript of your trial, the record on appeal, the brief filed

on your behalf, and the State's brief. The address to which you should send any written arguments is:

J. Gregory Wallace
Clerk of Supreme Court of North Carolina
P.O. Box 1841
Raleigh, North Carolina 27611

If you choose to file additional arguments, you must do so *immediately*.

Please acknowledge receipt of this letter from me by signing the enclosed *copy* by the "X" and returning it in the enclosed self-addressed envelope.

If you have any questions please contact me.

Yours very truly,
s/ R. ALLEN LYTCH
R. Allen Lytch

Thereafter defendant filed a pro se brief.

[1]   We hold that defendant's counsel has fully complied with *Anders v. California*, 386 U.S. 738, 18 L.Ed. 2d 493 (1967). He stated in his brief that he found no merit in the assignments of error and requested this Court to review the record for any prejudicial error. This is tantamount to a conclusion that the appeal is wholly frivolous. Counsel has filed a brief referring to the three assignments of error that might arguably support the appeal. A copy of the brief was furnished defendant, as well as copies of the record, transcript, and the state's brief. Defendant filed a pro se brief of twenty pages which is before this Court. Additionally, defendant's counsel appeared before this Court for oral argument of this appeal and made himself available for questions by the Court.

Pursuant to *Anders*, this Court must now determine from a full examination of all the proceedings whether the appeal is wholly frivolous.[1] In carrying out this duty, we will review the

---

1. Frivolous means "unworthy of serious attention; trivial." The American Heritage Dictionary of the English Language 528 (1980). "*Frivolous Appeal.* One in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." Black's Law Dictionary 601 (5th ed. 1979).

legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous. *Anders*, 386 U.S. 738, 18 L.Ed. 2d 493.

In order to review any such legal points, a brief review of the facts is necessary.

At trial the state's evidence tended to show that on Friday night, 7 January 1984, the defendant was out drinking at various nightspots in Dunn, North Carolina; he then returned to his home, where he and his girl friend had an argument. As a result of the argument, the defendant left his home with his shotgun about 2:00 a.m. and went to the home of the prosecutrix, Anna Adel Monk, a sixty-four-year-old widow who lives alone at 608 East Pope Street, Dunn. The defendant stood outside the home of Mrs. Monk and began calling her by name. She came to the door, and when she recognized the defendant, she opened the door. The defendant was upset and claimed he was in trouble and someone was shooting at him. Mrs. Monk knew the defendant as a schoolmate of her sons and she knew the defendant's girl friend, Gloria. The prosecutrix had been asleep when the defendant came to her house, and after letting him in, she returned to her bedroom in which a wood heater was located. She sat on the edge of her bed and listened to the defendant's story of his argument with his girl friend and how he was being pursued by someone. The prosecutrix noticed the shotgun and asked if it was loaded; she then asked the defendant to unload the shotgun, which he did. She offered to call the defendant's grandmother to come and take him to his mother's house, but the defendant refused, saying he did not want them to become involved. Mrs. Monk then told the defendant he would have to leave and again offered to call his grandmother, but again he refused. The defendant got ready to leave and picked up the shotgun. He reloaded the gun and then pointed it at Mrs. Monk and told her he wished to have intercourse with her. She tried to reach for the telephone, but the defendant shoved her back onto her bed, slapped her about the head, and began choking her. The prosecutrix, in fear of her life, consented to have intercourse with the defendant. After the defendant had sexual intercourse with Mrs. Monk, he fell asleep. Mrs. Monk immediately went to her neighbor's house to call the police. Officers Godwin and Beasley answered the call and found

the defendant asleep in Mrs. Monk's bed, naked from the waist down, with the odor of alcohol about his person. The defendant was arrested and the shotgun was found in the bedroom and confiscated by the officers. The results of the medical examination of Mrs. Monk shortly after the arrest of defendant disclosed the presence of semen in her vagina.

At the trial, the defendant's evidence tended to show that on Friday, 7 January 1984, the defendant had been out drinking. Later that night when he returned to his home he had an asthma attack and took his asthma medicine which tends to make him dizzy. He and his girl friend had an argument and he left, taking his shotgun with him. He went to Mrs. Anna Adel Monk's house and she let him in. The defendant had known Mrs. Monk for several years and she knew his family and his girl friend, Gloria. He told Mrs. Monk about the argument with his girl friend, that he thought someone was shooting at him, and that he had taken his asthma medicine and felt dizzy. The defendant testified that Mrs. Monk suggested he lie with her on her bed and rest and that she would wake him later. He testified that Mrs. Monk made sexual overtures to him but that he just lay there and went to sleep. The next thing he knew, he was wakened by two police officers who informed him he was being charged with raping Anna Adel Monk. The defendant denied having sexual relations with the prosecutrix on 7 January 1984; however, he did claim that he had once had sexual relations with the prosecutrix at a previous time and that she had propositioned him several times in the past.

[2] The three assignments of error set forth in the record challenge the sufficiency of the evidence to sustain the charge of rape in the first degree. Clearly, there was ample evidence to support the verdict of guilty of rape in the first degree. Rape in the first degree is committed when a person has vaginal intercourse with another person by force and against the will of the other person and employs or displays a dangerous or deadly weapon. N.C. Gen. Stat. § 14-27.2(a)(2)(a) (Cum. Supp. 1983). The evidence, viewed in the light most favorable to the state, plainly shows that this defendant had vaginal sexual intercourse with Mrs. Monk by force and against her will by threatening her with a loaded shotgun, a deadly weapon. There was substantial evidence to support the verdict. *State v. Roseman*, 279 N.C. 573, 184 S.E. 2d 289 (1971). A rational trier of fact could have found defendant guilty

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed. 2d 560, *reh'g denied*, 444 U.S. 890 (1979). The three assignments of error do not raise questions of law or fact "fit for consideration or discussion." *Bank v. Duffy*, 156 N.C. 83, 87, 72 S.E. 96, 98 (1911). We hold the assignments of error to be wholly frivolous.

**[3]** We turn now to consider the points in defendant's pro se brief. The first point we review is defendant's contention that the trial court erred in failing to submit rape in the second degree. The defendant denied having intercourse with Mrs. Monk. There was no evidence to support a verdict of rape in the second degree. All of the evidence shows either rape in the first degree or no rape at all. It is obvious that the trial judge was not required to submit the lesser offense. *State v. Whitley*, 311 N.C. 656, 319 S.E. 2d 584 (1984). This argument is wholly frivolous.

**[4]** Defendant next argues that the trial court erred in allowing evidence that a medical examination disclosed the presence of semen in Mrs. Monk's vagina. Defendant says this evidence was incompetent because there was no laboratory proof that the semen came from defendant. Patently, this argument is completely without merit. Mrs. Monk testified that defendant had a climax when he had intercourse with her. She further testified that she did not have intercourse with anyone else that day. The semen samples were taken shortly after the event. Of course, there is no requirement that there be laboratory proof of the source of semen before it can be introduced into evidence. The argument is indeed wholly frivolous.

**[5]** Defendant argues that the trial judge erred in failing to instruct the jury when he sustained an objection to testimony by Mrs. Monk that she knew that defendant had killed a girl before. We first observe that the testimony was competent to show the state of mind of Mrs. Monk when defendant threatened her with the shotgun which she knew to be loaded. *Cf.* 1 Brandis on North Carolina Evidence § 162(a) (1982); N.C.R. Evid. 803(3) (Cum. Supp. 1983). Defendant himself testified before the jury that he had been convicted of manslaughter and received a twenty-year sentence of imprisonment. The argument is devoid of merit and wholly frivolous.

[6]  Last, defendant makes the completely frivolous argument that he was not read his "rights" when he was arrested. It is not necessary to read a defendant the Miranda rights in order to make a lawful arrest. Defendant was advised by the arresting officers that he was being arrested on a charge of rape in compliance with N.C.G.S. 15A-401(c)(2)(c). The argument is entirely frivolous.

[7]  Upon our examination of all of the proceedings, we hold the appeal to be wholly frivolous and subject to dismissal. *Anders v. California*, 386 U.S. 738, 18 L.Ed. 2d 493. *See State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976).

Defendant also alleges that his sixth amendment right to effective assistance of counsel at trial was violated. We cannot properly determine this issue on this direct appeal because an evidentiary hearing on this question has not been held. Our decision on this appeal is without prejudice to defendant's right to file a motion for appropriate relief in the superior court based upon an allegation of ineffective assistance of counsel. N.C. Gen. Stat. § 15A-1415(b)(3) (1983).

Appeal dismissed.

Justice VAUGHN did not participate in the consideration or decision of this case.