MARTIN, Chief Judge.
Defendant was convicted of assault inflicting serious injury and sentenced to a term of twenty-one to twenty-six months imprisonment, which was suspended and defendant was placed on supervised probation for thirty-six months.
Approximately thirteen months later, a probation violation report was filed alleging that defendant: (1) failed to complete any community service; (2) failed to report to his probation officer on five dates; (3) was in arrears on his monetary obligation; (4) failed to pay his probation supervision fee; and (5) failed to seek psychiatric counseling and treatment.
A violation hearing was conducted on 19 November 2003, at which defendant denied violating three of the terms of his probation, but admitted to violating two of the conditions. Defendant testified and claimed that transportation problems, as well as physical and psychological problems, prevented him from complying with the terms of his probation. During the hearing, the State questioned defendant's capacity to proceed, and the trial court ordered that defendant be committed to Dorothea Dix Hospital for examination. After an evaluation, defendant was found "capable of proceeding to trial."
Defendant's probation revocation hearing resumed on 22 January 2004. The trial court found that defendant willfully violated the conditions of his probation as alleged in the violation report. The trial court revoked defendant's probation and activated his suspended sentence. Defendant appeals.
Counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that she has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.
Defendant has not filed any written arguments on his own behalf with this Court and a reasonable time in which he could have done so has passed. In accordance with Anders, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.
No error.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).