An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1335
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

TRAMELLA TINEAK HINTON

Nash County
No. 11 CRS 50675

Appeal by Defendant from judgment entered 11 July 2013 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 23 June 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Carrie D. Randa, for the State.*

*J. Edward Yeager, Jr., for Defendant.*

STEPHENS, Judge.

Defendant Tramella Tineak Hinton appealed her district court conviction for driving while impaired to the superior court. Following trial, a jury found Defendant guilty of the charge. The trial court sentenced Defendant to Level Four punishment, suspended the sentence, and placed her on supervised

probation for eighteen months. Defendant gave notice of appeal in open court.

Defendant's counsel has filed a brief in which he states that, after examining the record and relevant cases and statutes, he "is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal." In accordance with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), counsel has asked this Court to review the record on appeal for any possible prejudicial error or meritorious issue counsel may have overlooked. Counsel has also advised Defendant of his inability to find error and of Defendant's right to file her own arguments directly with this Court. To assist Defendant with making her own arguments, counsel provided Defendant with a copy of the brief filed with this Court, the record on appeal, and the trial transcript. To assist this Court in its review, counsel notes two possible issues that "might support an appeal": (1) whether the court erred by overruling Defendant's objections to the testimony of a State's witness and (2) whether Defendant received ineffective assistance of counsel when her trial attorney failed to request that the court remove the jurors from the courtroom, instead of merely placing them in the

audience, when the jury in another case returned to the courtroom.

We hold that counsel has complied with the requirements of *Anders* and *Kinch*. Further, after examining the record and the authorities cited by counsel, we conclude that the two possible issues identified by counsel do not rise to the level of possible prejudicial error. Defendant has not filed her own written arguments, and a reasonable time within which she could have done so has passed. Based on a through and careful review of the record and brief, we are unable to find any issues to support any argument for meaningful relief on appeal and conclude that the appeal is wholly frivolous.

NO ERROR.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).