An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-476

Filed: 20 October 2015

Buncombe County, Nos. 13CRS063595, 14CRS000051

STATE OF NORTH CAROLINA

v.

JAMES DAVID NANNEY

Appeal by Defendant from judgment entered 30 October 2014 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 12 October 2015.

> *Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Harriet F. Worley, for the State.*

> *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Constance E. Widenhouse, for Defendant-Appellant.*

DILLON, Judge.

Defendant was charged by bills of indictment with possession of a stolen motor vehicle and attaining habitual felon status. Defendant was tried by a jury, which found Defendant guilty of both charges. The trial court sentenced Defendant to an active term of 120 to 156 months. Defendant appeals.

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and

asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

Defendant has filed a *pro se* motion for his charges to be dismissed. In the motion, Defendant appears to claim that the State's witnesses lied under oath, and that the assistant district attorney, the trial court, and the court reporter conspired to keep the perjured testimony hidden. Defendant's claims are supported by only his own bare assertions, and we find nothing in the record to suggest that any of the State's witnesses committed perjury or that any court officials acted with impropriety. Therefore, we must deny Defendant's motion.

In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit are apparent. We have examined the record for possible prejudicial error and found none. Because Defendant has raised only issues which are meritless, we conclude the appeal is wholly frivolous.

NO ERROR.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).