STROUD, Judge.
Defendant Jason Allen Blackmon appeals from an order denying his motion to locate and preserve evidence and motion for post-conviction DNA tests. On appeal, defendant only requests this Court to review for any errors his counsel may not have found. Pursuant to Anders and Kinch, we must fully examine the documents before us to determine if defendant's appeal is wholly frivolous. See State v. Kinch, 314 N.C. 99, 102-03, 331 S.E.2d 665, 667 (1985) ( "Pursuant to Anders, this Court must now determine from a full examination of all the proceedings whether the appeal is wholly frivolous. In carrying out this duty, we will review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (footnote omitted)).
On 19 June 2009, defendant entered a guilty plea to second-degree murder and conspiracy to commit first-degree murder. On 26 April 2016, defendant filed a pro se"Motion to Locate and Preserve Evidences and Motion for Post-Conviction DNA Testing" (original in all caps), seeking DNA testing of 21 items he alleged would prove he was not the perpetrator of the crimes; defendant also requested appointed counsel. On 9 February 2017, the trial court denied defendant's motions, without appointed counsel as defendant had requested, determining that the evidence overwhelmingly showed that defendant was the perpetrator of the crimes. The trial court noted the evidence included:
a. Defendant confessed in gruesome detail to the murder (including written details of how he cut the victim's stomach open with a broken bottle and pulled his guts out and then drank a beer with the other parties to the crime and laughed about what they had done) ...;
b. His confession led to a separate corroborating confession of a co-conspirator ...;
c. His confession matched autopsy findings and other evidence collected at the crime scene ...;
d. There are witness statements stating he or co-conspirators told others about committing the murder ...;
e. The sentencing memorandum from his trial attorney ... states that [defendant] never sought to minimize his role and had always continually admitted his complete involvement in this offense ...; and
f. He filed a Motion for Appropriate Relief on June 7th, 2012 (denied on January, 16 2013) alleging Ineffective Assistance of Counsel because his attorney did not pursue a mental health defense and also alleging various violations of constitutional rights. In that MAR, he attempted to present mitigating factors, including that he voluntarily acknowledged wrongdoing in connection with the offense and that he has accepted responsibility for his criminal conduct[.]
Based on the record we conclude defendant's appeal is wholly frivolous. See id. Therefore, we dismiss.
DISMISSED.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.