BRYANT, Judge.
Where defendant failed to file any written arguments and where our examination of the record fails to disclose any issue of arguable merit, we affirm the judgment of the trial court.
Christopher Lee Moore ("defendant") appeals from a judgment entered upon his guilty plea to two counts of felony hit and run inflicting serious bodily injury and attaining habitual felon status. We affirm.
On 17 November 2017 pursuant to a plea arrangement, defendant pled guilty to two counts of felony hit and run inflicting serious bodily injury and attaining habitual felon status. He also admitted the aggravating factor that he had been found in willful violation of his probation within ten years of the date of the offenses. The prosecutor then provided a factual basis for the plea. On 17 October 2016, defendant struck two bicyclists while driving at a high rate of speed and fled the scene. He proceeded to take significant steps to conceal his involvement, including attempting to clean up the automobile that struck the victims and lying to the police once they had located him. One victim suffered a traumatic brain injury, while the other had multiple broken bones which required seven surgeries as of the time of the plea hearing.
In accordance with the plea arrangement, the trial court consolidated the offenses for judgment. The court found two mitigating factors, but concluded that they were outweighed by the aggravating factor. Defendant received an active term in the aggravated-range-182 to 231 months. Defendant filed a timely pro se notice of appeal. The notice did not include proof of service on the State. On 1 December 2017, the trial court issued appellate entries and appointed the Office of the Appellate Defender to represent defendant on appeal.
_________________________
As an initial matter, we must determine if defendant gave proper notice of appeal. Appellate Rule 4, which governs appeals in criminal cases, states that a defendant can appeal his convictions by "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order ...." N.C.R. App. P. 4(a)(2) (2019) (emphasis added). Defendant's counsel acknowledges that defendant's notice of appeal failed to comply with this requirement. However, the State has not filed a motion to dismiss defendant's appeal and has filed an appellee brief. Accordingly, it has waived Rule 4 's service requirement. See State v. Williams , 235 N.C. App. 201, 204, 761 S.E.2d 662, 664 (2014) ("[W]here the appellee failed, by motion or otherwise, to raise [an] issue as to service of notice in either the trial court or in this Court and has proceeded to file a brief arguing the merits of the case, ... [the appellee] has waived service of notice [of appeal.]" (alteration in original) (citation omitted)). Thus, we conclude this appeal is properly before us. We dismiss defendant's alternative petition for writ of certiorari as moot.
_________________________
On appeal, defense counsel "has not identified any non-frivolous issue to be raised in this appeal" and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so. Defendant has not filed any written arguments.
In accordance with Anders , we have fully examined the record to determine whether any issues of arguable merit appear therefrom, including, but not limited to, the potential issues identified by counsel in defendant's brief. We agree with counsel that those issues lack merit. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.
AFFIRMED.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.