An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-76

Filed 2 July 2025

Davie County, Nos. 23CRS223478-290, 23CRS000064-290

STATE OF NORTH CAROLINA

v.

EZEKIEL EVAN CURRY

Appeal by Defendant from judgment entered 27 June 2024 by Judge R. Stuart Albright in Davie County Superior Court. Heard in the Court of Appeals 11 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Hillary F. Patterson, for the State-Appellee.*
>
> *Sarah Holladay for Defendant-Appellant.*

COLLINS, Judge.

Defendant Ezekiel Evan Curry appeals from a judgment entered upon a jury's guilty verdict of felonious operation of a motor vehicle to elude arrest and Defendant's guilty plea to having attained habitual felon status. Defense counsel filed an *Anders* brief asking this Court to conduct an independent review of the record to determine whether any non-frivolous error exists to support Defendant's appeal. After careful

review, we find no non-frivolous justiciable error and dismiss the appeal.

## I.    Procedural History

On 26 June 2024, Defendant was found guilty of felonious operation of a motor vehicle to elude arrest. Defendant also pled guilty to two aggravating factors and to having attained the status of habitual felon. Defendant was sentenced in the aggravated range to an active term of 97 to 129 months' imprisonment, plus vehicle forfeiture, a two-year license revocation, and assessed $1,912.50 in attorney's fees. Defendant gave written notice of appeal.

## II.    Factual Background

Defendant provides the following factual background, which is adopted by the State:

> Davie County Sheriff's Office Sergeant Christopher Gaddy testified that he was on patrol in the early morning hours of 31 January 2023 when he observed a white Dodge Journey. Sergeant Gaddy began to follow the car as he ran its license plate. Sergeant Gaddy learned that the tag was expired and that Ezekiel Curry, one of the registered owners of the vehicle, had an expired license. Sergeant Gaddy further determined that there were warrants out for Mr. Curry's arrest.
>
> Based on this information, Sergeant Gaddy activated his blue lights. The Dodge Journey slowed, pulled onto a side street, and stopped in the middle of the road. When Gaddy exited his car, the Journey sped away. Gaddy returned to his vehicle, radioed, activated his sirens, and gave chase. He observed the Journey running a red light, failing to stop at a stop sign, and traveling 80 miles per hour in a 25-mile-per-hour zone. As other officers joined the pursuit, Sergeant Gaddy observed the car

reaching speeds of 100 miles per hour in a 45-mile-per-hour zone and crossing both the center line and the fog line.

As the Journey approached a store, it stopped, and a woman rolled out of the passenger side door. The Journey took off again before the door fully closed.

Mariah Rowe-Williams testified that she was on a first date with Mr. Curry. When the officer first pulled them over, she asked Mr. Curry whether he had his identification, and Mr. Curry said no. She asked whether he had anything in the car, and he said just some marijuana. When the officer approached and Mr. Curry pulled away, Ms. Rowe-Williams asked what he was doing and yelled for him to let her out. Mr. Curry said he was worried about going to jail. Eventually Mr. Curry agreed to stop and told Ms. Rowe-Williams to tell the police that he wouldn't let her out of the car. Lieutenant Daniel Moxley arrived a short time later. Ms. Rowe-Williams identified a photograph of Mr. Curry as the person who had been driving the car, whom she knew as Zeke.

Sergeant Gaddy continued the pursuit. Eventually, one of the front tires on the Journey began to come apart. The Journey continued driving on the rim at speeds up to 100 miles per hour, causing bits of aluminum to fly back into the patrol car. As the chase continued into Rowan County, deputies with that county took over the lead. Salisbury Police Department officers put down stop sticks, which deflated all the tires on the Dodge Journey. It drifted into the parking lot of a car wash and got stuck on a grassy median.

A black male opened the door and ran from the Journey. After a foot pursuit, Mr. Curry was apprehended a short distance away. Mr. Curry asked why Sergeant Gaddy pulled him over.

### III. Discussion

Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738

(1967), and *State v. Kinch*, 314 N.C. 99 (1985), explaining that she was "unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal." We will conduct a review of the record, consistent with *Anders* and *Kinch*.

The record discloses that defense counsel complied with the requirements of *Anders* and *Kinch* by advising Defendant of his right to file his own arguments and providing him with defense counsel's brief, the trial transcript, the record on appeal, and the mailing address of this Court. Defendant has not filed any written arguments with this Court, and a reasonable time for him to do so has passed.

To fulfill her obligation to refer the Court to "anything in the record that might arguably support the appeal[,]" *Anders*, 386 U.S. at 744, defense counsel raised the following issues:

> Whether, where [Defendant] was not properly informed of the sentence he would face if he went to trial, his decision to reject the State's plea offer was not knowing and voluntary?
>
>  . . . .
>
> Whether trial counsel rendered ineffective assistance where she failed to make timely objections to multiple statements that [Defendant] had other involvement with the criminal justice system?

Defense counsel acknowledges that neither issue warrants relief.

In accordance with our duty under *Anders*, we have conducted a "full examination of all the proceedings[,]" including a "review [of] the legal points appearing in the record, transcript, and briefs, not for the purpose of determining

their merits (if any) but to determine whether they are wholly frivolous." *Kinch*, 314 N.C. at 102-03. Upon our examination of all the proceedings, we conclude the appeal is wholly frivolous and dismiss the appeal. *See id.* at 106.

DISMISSED.

Judges TYSON and ZACHARY concur.

Report per Rule 30(e).