An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-926

Filed 20 August 2025

Wake County, No. 20CR211301-910

STATE OF NORTH CAROLINA

v.

SOLISTER LESTER, III, Defendant.

Appeal by defendant from judgment entered 14 September 2023 by Judge Patrick T. Nadolski in Wake County Superior Court. Heard in the Court of Appeals 24 April 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Karissa J. Davan, for the State-appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Candace Washington, for defendant-appellant.*

PER CURIAM.

Defendant Solister Lester, III, appeals his impaired driving judgment and Level three sentence that was entered after his no contest plea to four aggravating factors. Defendant requests this Court conduct an *Anders* review for any prejudicial error. Upon review, we discern no prejudicial error.

Defendant was charged with impaired driving and reckless driving after

driving while under the influence of alcohol and colliding into another vehicle. The district court entered a judgment against defendant for impaired driving. Defendant appealed to the Superior Court, Wake County. Defendant received a trial by jury in which there was testimony by law enforcement and an eyewitness at the scene after the collision. Additionally, the State provided evidence of video footage after arrest, the breathalyzer test results, the collision report, and the eyewitness's voluntary statement. The jury returned guilty verdicts for both offenses and the trial court arrested judgment for the reckless driving offense. Defendant pled no contest to the aggravating factors. The trial court imposed a Level three punishment and sentenced defendant to six months imprisonment, suspended for eighteen months supervised probation with a four-day jail term. Defendant timely appealed.

Defendant appeals of right pursuant to N.C.G.S. § 7A-27 and § 15A-1444. Defense counsel reviewed the record for any meritorious appeal and finding none, filed a no-merit brief for review pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). Defense counsel seeks this Court's independent review for any prejudicial error. Defense counsel advised defendant of his right to file a supplemental brief with this Court within thirty days of the filing of the no-merit brief and provided the information to do so along with the record, transcript, and the brief. Defendant did not file a supplemental brief within the allotted time frame.

Defense counsel listed the following issues to review for potential prejudicial

error: (1) whether a *Brady* violation occurred; (2) whether there was sufficient evidence of the impaired driving and reckless driving offenses; and (3) whether the sentence imposed for impaired driving was in accordance with the statutory sentencing scheme. Accordingly, we consider these requests for review pursuant to the requirements of *Anders* and *Kinch*, by "determin[ing] from a full examination of all the proceedings whether the appeal is wholly frivolous." *Kinch*, 314 N.C. at 102–03.

Having conducted an independent review for potential prejudicial error, we determine defendant received a trial free from prejudicial error. There is evidence in the record to refute any prejudicial error related to a *Brady* violation. The evidence in the record demonstrates defendant had access to the missing law enforcement dashboard video and was able to view it and cross-examine the officer who testified regarding the video at the district court. There is further evidence through testimony that any evidence available in the video would not have favored the defense and that the only possible considerations were speculative.

The trial court properly denied the motion to dismiss for insufficient evidence as there was ample evidence when viewed in the light most favorable to the State with the "benefit of every reasonable inference." *State v. Garrett*, 246 N.C. App. 651, 654 (2016). There was video evidence of defendant's impaired status, a 0.15 alcohol concentration result from a breathalyzer test, car wreckage with testimony from those at the scene of the accident, and the law officer's testimony of the various

impaired driving tests given and failed by defendant. Accordingly, the evidence was sufficient to support the trial court's denial of the motion to dismiss for insufficient evidence.

Further, there was no prejudicial error by the trial court's Level three sentencing for impaired driving. Defendant pled no contest to the aggravating factors and there was no mitigating factor. The trial court sentenced defendant to Level three pursuant to N.C.G.S. § 20-179(f)(1) and entered a sentence within the presumptive range pursuant to section 20-179(i). Therefore, the sentence was authorized by statute.

Having conducted an independent review pursuant to *Anders* and *Kinch* of the issues indicated for potential prejudicial error, we determine defendant received a trial free from prejudicial error. We hold the appeal to be wholly frivolous and subject to dismissal.

APPEAL DISMISSED.

Before a panel consisting of Judges CARPENTER, GORE, and FLOOD.

Report per Rule 30(e).