An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-69

Filed 1 October 2025

Richmond County, Nos. 22CRS050485-760, 22CRS050490-760

STATE OF NORTH CAROLINA

v.

DAVID T. GOINS, Defendant.

Appeal by defendant from judgment entered 19 January 2023 by Judge Stephan R. Futrell in Richmond County Superior Court. Heard in the Court of Appeals 6 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Phillip H. Liles, for the State.*
>
> *Jackie Willingham for Defendant-Appellant.*

PER CURIAM.

David T. Goins ("Defendant") was charged with trafficking methamphetamine, trafficking opium/heroin, PWIMSD Schedule I controlled substance, and two counts of possession of a firearm by a felon. Prior to trial, the State dismissed trafficking opium/heroin and PWIMSD Schedule I controlled substance.

The jury convicted Defendant on all counts. On 27 September 2023, Molley Petrey, of Prisoner Legal Services, filed a writ of certiorari requesting this Court remand the case to Superior Court to perfect an appeal in these matters. On 8 December 2023, this Court granted the petition for writ of certiorari and ordered the trial court to review the indigent status of Defendant to determine whether counsel should be appointed. On 16 January 2024, notice of appeal was entered and counsel appointed to represent Defendant on appeal.

Defendant's counsel filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). Defense counsel requests that this Court conduct an independent examination of the record for any prejudicial error.

Though counsel was "unable to identify any discernable issue with sufficient merit to support a meaningful argument for relief on appeal," counsel "respectfully requests this Court to conduct a full examination of the record for any prejudicial error." In accordance with *Anders* and *Kinch*, counsel also "advised [Defendant] of [his] right to file his own supplemental arguments" and provided Defendant with a copy of the brief, the trial transcript, and the record on appeal.

Defendant's counsel refers this Court to the following issues which may support Defendant's appeal: (1) whether Defendant's prior record level was correct; (2) whether Defendant's sentence was authorized by statute; and (3) whether the indictment was legally sufficient to confer jurisdiction on the trial court.

Pursuant to *Anders* and *Kinch*, we independently examine the entire proceedings to determine whether Defendant's appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e [ ] review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous.") (citation omitted).

After conducting a full and independent examination of the record, including the potential issues presented by Defendant's counsel, we hold the record contains no meritorious issue entitling Defendant to relief.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges GORE and CARPENTER.

Report per Rule 30(e).