An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-568

Filed 21 January 2026

Onslow County, Nos. 19CRS056396-660, 19CRS056400-660, 19CRS056402-660

STATE OF NORTH CAROLINA

v.

JOEY LEE-JERMAINE DARDEN

Appeal by defendant from judgment entered 5 October 2023 by Judge Rebecca W. Holt in Onslow County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Emily Jo Urch, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for defendant.*

PER CURIAM.

Joey Lee-Jermaine Darden ("defendant") appeals from jury verdict finding him guilty of felony speeding to elude arrest, possession with intent to manufacture, sell, or deliver marijuana, and possession of a firearm by a felon. Defendant's counsel has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State*

*v. Kinch*, 314 N.C. 99 (1985) requesting an independent examination of the record for any prejudicial error. For the following reasons, we discern no error.

## I.     Background

On 14 November 2019, defendant was pulled over after Sergeant Thomas Marshburn ("Sergeant Marshburn")[1] noticed a headlight and taillight were out on defendant's car. When Sergeant Marshburn approached defendant's car, defendant provided a false name and did not provide any form of identification. Sergeant Marshburn opened the driver-side door of defendant's car, and defendant proceeded to drive away. Sergeant Marshburn and eventually six other officers proceeded to chase defendant, reaching speeds of over 100 miles per hour, running multiple red lights, and driving in both lanes. The officers eventually used a "stop stick" to disable defendant's car, after which he fled on foot and was apprehended in a nearby parking lot.

The officers searched defendant and found a handgun, a jar containing three bags of a green leafy substance, a digital scale, and a bag containing smaller plastic bags. Officer Todd McAllister testified that defendant admitted he fled from police due to the green leafy substance, which defendant stated was "marijuana."

At trial, Sergeant Marshburn testified as a "drug recognition expert in the field of marijuana" and stated that the green leafy substance found on defendant was in

---

[1] Marshburn is now a Lieutenant but was a Sergeant with the Onslow County Sheriff's Office at the time of defendant's arrest.

fact marijuana. The trial court overruled defendant's objections to the identification and to Sergeant Marshburn's qualifications as an expert.

During the charge conference, the following exchange occurred:

> The Court: Let me ask you one thing: lesser included of possession of a controlled substance with intent to manufacture, sell, or deliver?
>
> The State: There is not a lesser included to that charge.
>
> The Court: There's not a possession of controlled substance.
>
> The State: No, your Honor, because if you – as a lesser included of possession requires an amount that would have been alleged.
>
> The Court: All right. All right.

Defendant did not object. At the close of the State's evidence, defendant made a motion to dismiss on sufficiency of the evidence. The State elected to dismiss the charge of possession of marijuana, and the trial court denied the motion to dismiss the other charges.

Following deliberation, the jury returned guilty verdicts on charges of felony speeding to elude arrest, possession with intent to manufacture, sell, or deliver marijuana, and possession of a firearm by a felon. The jury returned a verdict of not guilty on the charge of assault with a deadly weapon on a government official.

The trial court entered judgment committing defendant to the custody of the North Carolina Department of Adult Corrections for a term of 25 to 39 months on the possession of firearm by a felon, followed by a consecutive term of 20 to 33 months on

the felony speeding to elude arrest, and finally followed by a concurrent term of 10 to 21 months on the possession with intent to manufacture, sell, or deliver marijuana. Defendant gave notice of appeal in open court.

## II. Discussion

Defendant's counsel filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). Though counsel was unable to identify any discernable issue with sufficient merit to support a meaningful argument for relief on appeal, counsel "respectfully requests this Court to conduct a full examination of the record for any prejudicial error and determine if any issue has been overlooked." In accordance with *Anders* and *Kinch*, counsel also "advised [defendant] of his right to file his own supplemental arguments" and provided defendant with a copy of the brief, the trial transcript, and the record on appeal.

Pursuant to *Anders* and *Kinch*, we are tasked with independently examining the entire proceedings to determine whether defendant's appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e [ ] review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (citation omitted)). Defendant's counsel has identified the motion to dismiss based on sufficiency of the evidence, the instruction on lesser included offense of possession of marijuana, record level calculation, and sentence imposed as potential issues for our review.

We first conclude there was sufficient evidence of possession of a firearm by a felon, felony speeding to elude arrest, and possession with intent to sell, manufacture, or deliver marijuana. There was competent evidence presented to the jury that defendant was previously convicted of a felony and possessed a firearm when he was apprehended. There was also competent evidence that defendant drove recklessly, in excess of 15 miles per hour over the legal speed limit, while attempting to elude law enforcement. And there was sufficient evidence that defendant possessed a controlled substance, marijuana, with the intent to sell or distribute with the digital scale and small plastic bags. Accordingly, the trial court did not err in denying defendant's motion to dismiss for insufficient evidence.

We next conclude the trial court did not err in failing to instruct the jury on the lesser included offense of simple possession of marijuana. The simple possession charge was discussed during defendant's motion to dismiss, and the State withdrew the charge because there was no weight alleged in the indictment. As the charge was dismissed prior to deliberation, there was no error in declining to instruct the jury on that charge.

Finally, with respect to defendant's prior record level calculation and sentencing, the trial court did not err. Defendant stipulated that he was a prior record level VI with 20 points; reviewing defendant's prior convictions, defendant's prior record level adds up to at least 19 points, above the threshold for record level VI. Defendant was sentenced to a term of 25 to 39 months imprisonment for

possession of a firearm by a felon, a consecutive term of 20 to 33 months for felony speeding to elude arrest, and a concurrent term of 10 to 21 months for possession with intent to manufacture, sell, or deliver marijuana. This sentence was within the presumptive range for the charges, and defendant has identified no other theory under which his sentence was excessive or otherwise unlawful.

### III.  Conclusion

After conducting a full and independent examination of the record, including the potential issues presented by defendant's counsel, we hold the record contains no meritorious issue which would entitle defendant to relief.

NO ERROR.

Panel consisting of Judges ARROWOOD, COLLINS, and HAMPSON.

Report per Rule 30(e).