An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-568

Filed 4 February 2026

Randolph County, Nos. 00CR000119-750, 00CR000120-750, 00CR000121-750

STATE OF NORTH CAROLINA

v.

ANTJUAN ANTONIO WILLIAMS, Defendant.

Appeal by defendant from order entered 18 December 2023 by Judge James P. Hill in Randolph County Superior Court. Heard in the Court of Appeals 12 January 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Ryan C. Zellar, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

PER CURIAM.

On 18 September 2000, a grand jury indicted Defendant Antjuan Antonio Williams for first degree statutory rape, first degree statutory sexual offense, and taking indecent liberties with a child. Defendant's case came on for trial on 6 May 2002. On 9 May 2002, the jury found Defendant guilty of attempted first degree rape,

first degree sexual offense with a child, and taking indecent liberties with a child. The trial court sentenced Defendant to a term of 180 to 225 months' imprisonment for attempted rape, a consecutive term of 288 to 355 months' imprisonment for first degree sexual offense, and a concurrent term of 15 to 18 months' imprisonment for indecent liberties with a child. Defendant appealed, and this Court held there was no error. *State v. Williams*, 163 N.C. App. 614 (2004) (unpublished).

On 27 October 2023, Defendant filed a motion for post-conviction DNA testing. On 18 December 2023, the trial court summarily denied the motion. Defendant timely filed his written notice of appeal on 31 December 2023.

Because no order of appellate entries was entered, on 23 September 2024, Defendant filed for a petition for writ of mandamus from this Court. On 27 November 2024, this Court, *sua sponte*, issued a petition for writ of certiorari to review the 18 December 2023 Order denying Defendant's motion for post-conviction DNA testing. Further, this Court ordered the trial court to, within 30 days, hold a hearing to determine whether Defendant is entitled to indigent status, appointment of counsel, and a copy of the transcript. The trial court subsequently entered an order of appellate entries on 11 December 2024.

Defendant's counsel has filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). In accordance with the requirements set forth in *Anders* and *Kinch*, defense counsel states in her brief that she is "unable to identify any issue with sufficient merit to support an

argument for relief on appeal," but "respectfully asks this Court to conduct a full and independent review of the [R]ecord." *See Anders*, 396 U.S. at 744; *see also Kinch*, 314 N.C. at 102. Counsel also "advised [Defendant] of his right to file supplemental arguments" and provided Defendant with a copy of the brief, the trial transcript, and the Record on appeal.

Defendant's counsel refers this Court to the following issues that may arguably support Defendant's appeal: (1) whether the trial court reversibly erred in denying Defendant's request for post-conviction DNA testing; (2) whether the trial court reversibly erred in denying Defendant's motion for preservation of evidence; and (3) whether the trial court reversibly erred in denying Defendant's request for appointment of counsel.

Pursuant to *Anders* and *Kinch*, we are tasked with independently examining the entire proceedings to determine whether Defendant's appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e . . . review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (citation omitted)).

After conducting a full and independent examination of the Record, including the potential issues presented by Defendant's counsel, we conclude the Record contains no meritorious issue that would entitle Defendant to relief and find no error on the part of the trial court.

NO ERROR.

Panel consisting of Judges STROUD, FLOOD, and STADING.

Report per Rule 30(e).