An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-723

Filed 18 March 2026

Burke County, No. 23CRS203643-110

STATE OF NORTH CAROLINA

v.

WILLIAM LAVAR BRAWLEY, Defendant.


Appeal by defendant from judgment entered 9 December 2024 by Judge Carla Archie in Burke County Superior Court. Heard in the Court of Appeals 28 January 2026.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Scott T. Stroud, for the State-appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for defendant-appellant.*


PER CURIAM.

Defendant William Lavar Brawley appeals of right pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1444(a). Defendant was convicted of trafficking by possession of four grams or more, but less than fourteen grams of acetyl fentanyl (opioid), and one count of trafficking by possession of more than twenty-eight grams of fentanyl (opioid). Defendant was sentenced to 225 months' to 282 months' imprisonment.

Pursuant to *Anders v. California* and *State v. Kinch*, defendant requests this Court's review of the record for any meritorious issues. *Anders*, 386 U.S. 738 (1967); *Kinch*, 314 N.C. 99 (1985). Defense counsel filed an *Anders* brief stating upon review he was unable to identify any issue sufficient to support a meaningful argument for relief. Defense counsel advised defendant of his right to file a supplemental brief with this Court and provided a copy of the appellant brief, the trial transcript, the record on appeal, and this Court's mailing address. *See Kinch*, 314 N.C. at 102. Defendant did not file a supplemental brief.

In compliance with *Anders* and *Kinch*, defense counsel submitted the following issues for this Court to consider for potential prejudice: (1) whether there was sufficient evidence to support a denial of the motion to dismiss both charges; (2) whether the trial court erred by denying defendant's motion to suppress; and (3) whether the trial court imposed a sentence authorized by statute. *See Anders*, 386 U.S. at 744; *Kinch*, 314 N.C. at 102. We consider these issues for the purpose of determining "whether they are wholly frivolous." *Kinch*, 314 N.C. at 103.

The trial court properly denied defendant's motion to dismiss for insufficient evidence on the two trafficking charges. The trial court considers all evidence submitted in the "light most favorable to the State, giving the State the benefit of every reasonable inference" to determine whether there is "substantial evidence of each essential element of the offense charged, and of the defendant being the perpetrator of such offense." *State v. Garrett*, 246 N.C. App. 651, 654 (2016) (cleaned

up). The State presented evidence that law enforcement discovered approximately six ounces of fentanyl, and another thirty-three ounces of fentanyl in a small Crown Royal bag that defendant was seen removing from his clothing while in police custody. The trial court properly denied defendant's motion to dismiss.

The trial court properly denied defendant's motion to suppress the traffic stop. Law enforcement may conduct traffic stops when they have a reasonable suspicion of criminal activity and for traffic violations. *See State v. Johnson*, 370 N.C. 32, 34 (2017); *State v. Watkins*, 337 N.C. 437, 441–42 (1994). A traffic stop remains a reasonable seizure if it is not "prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the violation." *Rodriguez v. U.S.*, 575 U.S. 348, 350–51 (2015).

The trial court found that law enforcement conducted a traffic stop based upon reasonable suspicion of a window tint violation. While law enforcement conducted the traffic stop, a K-9 performed an open air sniff of the vehicle. Upon positive alert from the K-9, law enforcement searched the vehicle and defendant. Law enforcement discovered handguns in a backpack by defendant's seat, and multiple containers of fentanyl on defendant's person. Law enforcement wrote a ticket for a window tint violation at the end of the traffic stop. Accordingly, the trial court properly denied defendant's motion to suppress.

Lastly, the trial court properly sentenced defendant based upon statutory mandates. According to section 90-95(h)(4), a defendant shall be punished as a Class

F felon for possessing four grams or more, but less than 14 grams of fentanyl;[1] and that the defendant shall be punished as a Class C felon for possessing twenty-eight grams or more of fentanyl with a minimum term of 225 months' and a maximum term of 282 months' imprisonment. N.C.G.S. § 90-95(h)(4) (2022). Defendant received a Class F felony and Class C felony for both trafficking charges and a consolidated term of 225 months' to 282 months' imprisonment. Therefore, the trial court properly sentenced defendant in accordance with the statutory mandates. Our review of the record yields no meritorious issue. Therefore, these issues are "wholly frivolous." *Kinch*, 314 N.C. at 105.

Having conducted an independent review of the record according to the obligations set out within *Anders* and *Kinch*, we determine defendant received a fair trial free of prejudicial error.

NO ERROR.

Before a panel consisting of Judges HAMPSON, GORE, and GRIFFIN.

Report per Rule 30(e).

---

[1] Fentanyl is recognized "as either an opiate or opioid." *State v. Gibbs*, 384 N.C. 654, 655 (2023).