IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-1023

Filed 6 May 2026

Iredell County, No. 20CRS053289-480

STATE OF NORTH CAROLINA

v.

ISIAH LEON MAYFIELD, JR.

Appeal by Defendant from judgment entered 7 May 2025 by Judge Joseph N. Crosswhite in Iredell County Superior Court. Heard in the North Carolina Court of Appeals on 11 March 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Angelica D. Richardson, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy Dickinson-Schultz, for the Defendant.*

WOOD, Judge.

Isiah Leon Mayfield, Jr. ("Defendant") appeals from a judgment revoking his probation due to probation violations. Counsel representing Defendant is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to conduct its own review of the record in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). After a thorough examination of the record, we recognize an erroneous finding within the trial court's written judgment and reverse that finding. However, the remaining findings support the trial court's revocation of Defendant's probation, and we affirm

the trial court's judgment.

## I. Factual and Procedural Background

On 17 May 2023, Defendant pleaded guilty to felony hit and run resulting in death. Defendant was sentenced to 21 to 35 months of imprisonment suspended for 36 months of supervised probation. Defendant also was sentenced to 30 days of special probation.

Defendant's probation officer filed four probation violation reports. First, on 20 December 2023, the probation officer reported Defendant had tested positive for marijuana and cocaine during the 14 December drug test and refused to complete his special probation as ordered by the trial court. Second, on 19 February 2024, the probation officer reported Defendant failed to report to his supervising officer as instructed on 16 February and 19 February. Third, on 22 August 2024, the probation officer reported Defendant was in superior court for a probation violation on 23 July but left abruptly in the middle of the session. His case was called, and he failed to respond. He refused to make himself available for supervision as instructed by this probation officer and after all attempts to locate him were unsuccessful, his probation officer reported he had absconded supervision. Additionally, he failed to report as instructed for routine office appointments on 6 August and 20 August. Finally, on 22 November 2024, his probation officer reported Defendant once again had absconded supervision by refusing to make himself available on 29 October after he failed to report to superior court for his 29 October probation violation hearing. Additionally,

he failed a routine drug test on 3 October by testing positive for Cocaine and failed to report on 1 November as instructed for his monthly office appointment.

On 10 April 2025, Defendant's probation violations came on for hearing. Defendant denied the violations. Officer Stephen Cantor ("Officer Cantor"), Defendant's probation officer, Defendant, and his fiancé testified. During cross-examination Officer Cantor testified he was aware Defendant was working undercover with the police department. However, Officer Cantor also made it clear to Defendant that regardless of the police interaction or resulting threats, he was "still obligated to come see me, to report to the office." Officer Cantor outlined the numerous instances Defendant had failed to follow his probation requirements including absconding.

Defendant testified he was doing his best to maintain contact with his probation officer while dealing with the threats, shootings, and other consequences of him working undercover for the police. His attorney argued that under those conditions any missed appointments did not rise to the level of willful absconding.

At the end of the probation hearing, the trial court orally stated Defendant had violated the terms of his probation, "specifically [for] both counts of absconding." However, the trial court's written findings indicated it was revoking Defendant's probation for all of the allegations listed in the four violation reports including but not limited to the two allegations of absconding and "each violation [was], in and of

itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." Defendant gave oral notice of appeal.

## II.  Analysis

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), indicating she "is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." Counsel asks this Court to conduct its own review of the record for possible prejudicial error and to determine whether counsel overlooked any meritorious issues. Pursuant to *Anders* and *Kinch*, this Court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

Counsel identified potential issues to assist in our independent review, namely: (1) whether the probation was properly revoked; and (2) whether Defendant's sentence was authorized to be imposed by statute.

### A. Probation Revocation

Upon review, Defendant's probation revocation was in accordance with N.C. Gen. Stat. §15A-1344. However, we discern the trial court's judgment contains an erroneous finding.

"The court may only revoke probation for a violation of a condition of probation under G[en]. S[tat]. §15A-1343(b)(1) or G[en]. S[tat]. §15A-1343(b)(3a)[.]" N.C. Gen. Stat. § 15A-1344(a). Therefore, an offender must commit a criminal offense or

abscond probation in order for a trial court to revoke probation if the Defendant has not been previously confined due to violations of probation. *See State v. Hemingway*, 278 N.C. App. 538, 544, 863 S.E.2d 279, 283 (2021).

In its judgment revoking Defendant's probation, the trial court listed the violations in all four probation violation reports, rather than the two absconding violations it noted orally, as its reason for revoking probation. These additional violations included failure to report as instructed, failure to complete special probation as soon as possible, and failure of drug tests. The trial court then checked finding of fact box 4, which states "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence."

This Court has previously held "when a trial court makes a written finding that each violation is a sufficient basis upon which it may revoke probation, 'the written order controls for purposes of appeal.'" *State v. Daniels*, 290 N.C. App. 443, 445, 893 S.E.2d 212, 214 (2023) (quoting *State v. Hemingway*, 278 N.C. App. 538, 544, 863 S.E.2d 279, 283 (2021)). As noted, Defendant's probation could not be revoked on the basis of each of the additional violations listed in its written order apart from the two allegations of absconding. *See* N.C. Gen. Stat. § 15A-1344(a). The trial court's finding 4 is therefore erroneous and as it provides the necessary support for the conclusion that Defendant's probation could be revoked for the additional violations in and of themselves, it must be reversed. However, when this Court is "able to ascertain that the trial court properly weighed the probation violations" and it is clear

"the revocation of Defendant's probation was based upon [grounds listed in N.C. Gen. Stat. § 15A-1344(a)]," the trial court's judgment should be affirmed. *State v. Daniels*, 290 N.C. App. 443, 447, 893 S.E.2d 212, 215 (2023). This is also consistent with our holding that "a trial court's ruling must be upheld if it is correct upon any theory of law, and thus it should not be set aside merely because the court gives a wrong or insufficient reason for [it]." *State v. Turner*, 239 N.C. App. 450, 455, 768 S.E.2d 356, 359 (2015) (alteration in original) (citations omitted).

In the case *sub judice,* in addition to finding of fact box 4, the trial court also checked finding of fact box 5 indicating that Defendant's probation was being revoked "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a)[.]" This is consistent with the trial court's oral statement at the hearing that Defendant had violated the terms of his probation, "specifically [for] both counts of absconding." From the record evidence it is clear the trial court properly weighed the probation violations and correctly revoked Defendant's probation for absconding. Therefore, we affirm the trial court's judgment revoking Defendant's probation.

We note the erroneous selection of finding of fact box 4 on the Judgment and Commitment Upon Revocation of Probation form has become a repetitive error reviewed by this Court. *See, e.g., State v. Daniels*, 290 N.C. App. 443, 447, 893 S.E.2d 212, 215 (2023); *State v. Hemingway*, 278 N.C. App. 538, 544, 863 S.E.2d 279, 283 (2021); *State v. McCullough*, 297 N.C. App. 183, 189, 909 S.E.2d 889, 895 (2024); *State*

*v. Jones*, 293 N.C. App. 182, 898 S.E.2d 810 (2024) (unpublished); *State v. Moss*, 299 N.C. App. 559, 916 S.E.2d 294 (2025) (unpublished), *disc. rev. denied*, 923 S.E.2d 232 (N.C. 2025); *State v. Tilghman*, 294 N.C. App. 550, 901 S.E.2d 698 (2024) (unpublished). We take this opportunity to admonish the trial courts to be mindful of the statutory limitations as to the grounds on which a defendant's probation may be revoked and to be careful in its selection of the appropriate finding of fact box on the preprinted form provided by the Administrative Office of Courts when preparing probation revocation hearing judgments.

## B. Sentence Authorization

Defendant pleaded guilty to felony hit and run resulting in death, a class F felony. The trial court correctly determined that Defendant's prior record level was Level III and sentenced him within the presumptive range based on N.C. Gen. Stat. § 15A-1340.17. Upon finding Defendant in violation of his probation for absconding, the trial court properly activated the suspended sentence.

Counsel shows to the satisfaction of this Court that she has complied with the requirements of *Anders* and *Kinch*, by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to so do. Defendant has not filed any written arguments with this Court, and a reasonable time for him to have done so has expired.

## Conclusion

Upon a full review of the record pursuant to our duty under *Anders* and *Kinch*,

we affirm the trial court's judgment revoking Defendant's probation.

AFFIRMED AS MODIFIED.

Judges STROUD and ARROWOOD concur.