An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-509

Filed 1 October 2025

New Hanover County, No. 22CRS301133-640

STATE OF NORTH CAROLINA

v.

LATONIA BENETTA SPICER

Appeal by defendant from judgment entered 24 October 2024 by Judge Augustus D. Willis, IV, in New Hanover County Superior Court. Heard in the Court of Appeals 22 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Alan D. McInnes, for the State.*
>
> *BJK Legal, by Benjamin J. Kull, for defendant-appellant*

PER CURIAM.

## I. Background

Latonia Benetta Spicer ("Defendant") appeals judgments entered upon jury verdicts convicting her of four misdemeanors. Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). In accordance with *Anders* and *Kinch*,

counsel advised Defendant of her right to file her own arguments and provided her with a copy of the brief, transcripts of proceedings, printed record on appeal, and this Court's mailing/filing address. Counsel has fully complied with the requirements of *Anders* and *Kinch*. *Id.* Defendant has not filed any further arguments and a reasonable time for her to do so has passed. Counsel requests this Court to conduct an independent examination of the record for any prejudicial error or meritorious issue counsel may have overlooked.

Defendant's counsel raises the following issues, which may support Defendant's appeal of whether: (1) Defendant received ineffective assistance of counsel; (2) the drug-related misdemeanors should have been dismissed based on insufficiency of the evidence; (3) the drug possession indictment was sufficient; (4) the trial court erred in denying Defendant's motion to re-open evidence; (5) the trial court erred by refusing to expand upon the statutory definition of "delivery" as contained in the pattern jury instruction; and, (6) the trial court erred in sentencing Defendant at a prior record level III for misdemeanor sentencing.

## II.    Conclusion

We have conducted a full examination of the record as required by *Anders* and *Kinch*. We have reviewed the potential issues raised by Defendant's counsel and are unable to discern any reversible error. Defendant received a fair trial, free of reversible error.

NO ERROR.

Panel consisting of Judges STROUD, TYSON, and HAMPSON.

Report per Rule 30(e).