An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-306

Filed 1 October 2025

Franklin County, No. 22CRS050544-340

STATE OF NORTH CAROLINA

v.

BENJAMIN ETHRIDGE, Defendant.

Appeal by defendant from judgment entered 26 August 2024 by Judge Cynthia K. Sturges in Franklin County Superior Court. Heard in the Court of Appeals 6 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for defendant-appellant.*

PER CURIAM.

Defendant Benjamin Ethridge pleaded guilty to assault on a female. The trial court entered judgment consistent with his plea. Defendant noticed his appeal from that judgment and subsequently petitioned our court for a writ of *certiorari* to cure

any defects in his notice of appeal. To the extent Defendant's notice of appeal, which he filed *pro se* is defective, we grant Defendant's petition.

Defendant's counsel filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). Defense counsel requests that this court conduct an independent examination of the record for any prejudicial error.

Though counsel was unable to identify any discernable issue with sufficient merit to support a meaningful argument for relief on appeal, counsel "respectfully requests this [c]ourt to conduct a full examination of the record for any prejudicial error[.]" In accordance with *Anders* and *Kinch*, counsel also "advised [Defendant] of [his] right to file his own supplemental arguments" and provided Defendant with a copy of the brief, the trial transcript, and the record on appeal.

Pursuant to *Anders* and *Kinch*, we are tasked with independently examining the entire proceedings to determine whether Defendant's appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e [ ] review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (citation omitted)).

After conducting a full and independent examination of the record, including the potential issues presented by Defendant's counsel, we hold the record contains no meritorious issue which would entitle Defendant to relief.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges GORE and CARPENTER.

Report per Rule 30(e).