An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-212

Filed 1 October 2025

Wilson County, No. 21CR051215-970

STATE OF NORTH CAROLINA

      v.

DAVID LAMONT ALSTON, Defendant.

Appeal by defendant from judgment entered 16 August 2024 by Judge William D. Wolfe in Wilson County Superior Court. Heard in the Court of Appeals 8 September 2025.

>*Edward Eldred for the defendant-appellant.*
>
>*Attorney General Jeff Jackson, by Special Deputy Attorney General G. Mark Teague, for the State.*

PER CURIAM.

David Lamont Alston ("Defendant") appeals from a judgment entered upon his *Alford* plea to second-degree murder for the shooting death of Nicholas Ellis.[1] Defendant's appellate counsel cannot "identify an issue with sufficient merit to support a meaningful argument on appeal." After careful review, we affirm the trial

---

[1] *North Carolina v. Alford* permits a trial court to accept a guilty plea whereby the defendant consents to sentencing by the trial court but does not admit his guilt. 400 U.S. 25, 91 S. Ct. 160 (1970).

court's judgment.

## I.    Background

In April 2021, Defendant was arrested for the murder of Nicholas Ellis.   In July 2022, the Wilson County Grand Jury indicted Defendant for first-degree murder. Defendant's trial counsel moved to withdraw from representation in July 2024, which the trial court denied.

The trial court accepted Defendant's *Alford* plea to second-degree murder on 9 August 2024.   Sentencing was continued to the next week "to afford the victim's family an opportunity to be present[.]"   Pursuant to the plea arrangement, Defendant agreed to plead guilty under *Alford* to second-degree murder.  In exchange, the State agreed to dismiss a "related pending charge" of possession of firearm by a felon.  As agreed by the parties, the trial court sentenced Defendant to 240–300 months' imprisonment.

Defendant gave timely written notice of appeal from the judgment.

## II.   *Anders* Review

On appeal, Defendant's counsel filed a brief citing *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985).  His counsel requests that this Court conduct an independent examination of the record for any prejudicial error.   In accordance with *Anders* and *Kinch*, counsel also advised Defendant of his right to file his own supplemental arguments and provided

Defendant with a copy of the brief, the trial transcript, and the record on appeal. Defendant has not provided any supplemental arguments on his own behalf.

Under *Anders*, "this Court must now determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *Kinch*, 314 N.C. at 102, 331 S.E.2d at 667. To do so, "we will review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." *Id.* at 102–03, 331 S.E.2d at 667.

After conducting a full examination of the record, including the potential issue presented by Defendant's appellate counsel, we hold the record contains no meritorious issue which would entitle Defendant to relief.[2]

### III. Conclusion

For the foregoing reasons, we affirm the trial court's judgment.


AFFIRMED.

Panel consisting of Judges GORE, FLOOD, and STADING.

Report per Rule 30(e).

---

[2] Defendant's counsel identified one arguable error: "the trial court could have allowed Mr. Alston's trial attorney's motion to withdraw." That said, as correctly noted by his counsel: "the trial court does not appear to have abused its discretion in denying the motion."