An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-241

Filed 3 December 2025

Cabarrus County, No. 23CR309671-120

STATE OF NORTH CAROLINA

v.

JERIMY R. LOVE, Defendant.

Appeal by defendant from judgment entered 1 May 2024 by Judge Stephan Futrell in Cabarrus County Superior Court. Heard in the Court of Appeals 19 November 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Kayla D. Britt, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

PER CURIAM.

Defendant Jerimy R. Love appeals from the trial court's judgment entered after a jury returned a verdict finding Defendant guilty on one count each of trafficking in opium or heroin; trafficking in cocaine; manufacturing cocaine; maintaining a dwelling for keeping and selling controlled substances; possession with

the intent to sell or distribute cocaine; possession with the intent to manufacture, sell, or distribute a schedule II controlled substance; and possession of up to a half ounce of marijuana.

Defendant's counsel has filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). In accordance with the requirements set forth in *Anders* and *Kinch*, counsel states in his brief that he "is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal," but "respectfully requests this Court to conduct a full examination of the record for any prejudicial error and to determine if any issue has been overlooked." *See Anders*, 396 U.S. at 744; *see also Kinch*, 314 N.C. at 102. In accordance with *Anders* and *Kinch*, counsel has also advised "[Defendant] of his right to file his own supplemental arguments and provided [Defendant] with this brief, the trial transcript, record on appeal, and mailing address of this Court." Counsel also "respectfully requests the Court allow [Defendant] sufficient time 'to raise any points [] he chooses' in support of this appeal." *See Anders*, 396 U.S. at 744.

Defendant's counsel refers this Court to the following issues that may arguably support Defendant's appeal: (1) whether the indictments were legally sufficient to confer jurisdiction on the trial court; (2) whether the trial judge made a thorough inquiry into Defendant's understanding of his choice to represent himself; (3) whether the trial court erred by denying Defendant's motion to suppress; (4) whether the trial court's lack of instruction regarding Defendant's shackles and the decision to have

him remain in shackles was an abuse of discretion; (5) whether there was any prejudicial error in the trial court's rulings on the admission of evidence both generally and specifically as to his encounter with Officer Gonzalez; (6) whether there was sufficient evidence to support the charges of which Defendant was convicted; (7) whether the trial court committed prejudicial error when instructing the jury; (8) whether the trial court's prior record calculation was supported by evidence; and (9) whether the sentences imposed on Defendant were authorized by statute.

Defendant independently refers this Court to the following issues: (1) whether the prosecution erred in withholding exculpatory evidence favorable to Defendant; (2) whether the prosecution erred in knowingly presenting false evidence; (3) whether disclosure of an informant's identity was necessary to make a fair determination of Defendant's guilt or innocence; (4) whether the omission of the time provided by the informant in the search warrant resulted in the magistrate failing to establish probable cause; (5) whether the search warrants were sufficient to establish probable cause; (6) whether entering the curtilage of a home to collect trash bags was a violation of the Fourthth Amendment of the United States Constitution; (7) whether accessing a cell phone before obtaining a search warrant was a violation of the expectation of privacy under the Fourth Amendment of the United States Constitution; and (8) whether counsel was ineffective for failing to investigate for entrapment, failing to file appropriate motions, admitting guilt for Defendant, and failing to call a witness to the stand in violation of the Sixth and Fourteenth

Amendments of the United States Constitution.

Pursuant to *Anders* and *Kinch*, in our appellate review, we are tasked to independently examine the entire Record to determine whether Defendant's appeal is wholly frivolous. *See Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e . . . review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (citation omitted)).

Based on our full and independent examination of the Record, including the issues presented by Defendant's counsel and Defendant's arguments supporting appeal, we conclude the Record contains no meritorious issue entitling Defendant to relief and thus conclude the trial court did not err.

NO ERROR.

Panel consisting of Judge ZACHARY, Judge FLOOD, and Judge STADING.

Report per Rule 30(e).