An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-765

Filed 18 February 2026

Craven County, Nos. 23CR000396-240, 22CR050911-240

STATE OF NORTH CAROLINA

v.

FELIX WILSON JR., Defendant.

Appeal by defendant from judgment entered 14 February 2025 by Judge Clint D. Rowe in Craven County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Brittany Brown Walton, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for Defendant-Appellant.*

PER CURIAM.

The trial court found Defendant Felix Wilson, Jr., violated N.C.G.S. § 15A-1343(b)(1) by committing a new criminal offense and thus revoked his probation. The trial court activated the underlying sentence of 9 to 20 months imprisonment. Defendant timely filed written notice of appeal from judgment revoking probation.

*Opinion of the Court*

Defendant's counsel filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). Defense counsel requests this court conduct an independent examination of the record for any prejudicial error.

Though counsel was unable to identify any discernable issue with sufficient merit to support a meaningful argument on appeal, counsel "respectfully asks this [c]ourt to conduct a full examination of the record for any prejudicial error and to determine if any issue has been overlooked." In accordance with *Anders* and *Kinch*, counsel also "advised [Defendant] of his right to file his own arguments" and provided Defendant with a copy of the brief, the trial transcript, and the record on appeal.

Pursuant to *Anders* and *Kinch*, we are tasked with independently examining the entire proceedings to determine whether Defendant's appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see also Kinch*, 314 N.C. at 102–03 ("[W]e [ ] review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous." (citation omitted)).

After conducting a full and independent examination of the record, including the potential issues presented by Defendant's counsel, we hold the record contains no meritorious issue which would entitle Defendant to relief.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges GORE and FREEMAN.

Report per Rule 30(e).